101 F.3d 106
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Amador IRIZARRY-SANABRIA, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 96-1707.
 United States Court of Appeals, First Circuit.
 Nov. 18, 1996.
 
 Amador Irizarry-Sanabria on brief pro se.
 Guillermo Gil, United States Attorney, Nelson Perez-Sosa, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Amador Irizarry-Sanabria requests a certificate of appealability, see 28 U.S.C. § 2253(c)(2), from this court to appeal the district court's denial of his motion filed under 28 U.S.C. § 2255. We grant the request, but affirm the judgment of the district court for the following reasons. With respect to Irizarry's contention that he was entitled to be present at resentencing, we conclude that the error, if any, was harmless. Irizarry's current sentence of 121 months imprisonment is the lowest possible under the guidelines as recalculated by the district court; that is, 121 months is the bottom of the sentencing range with the two-level increase in Irizarry's base offense level. The district court made this increase pursuant to U.S.S.G. § 2D1.1(b)(1).
 
 
 2
 This section states that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." The commentary clarifies that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1 comment n. 3 (emphasis added). The facts as recited in our opinion on direct appeal establish that at the second meeting of the conspiracy members, the confidential informant told the group that he wanted a gun if he was to go and pick up the marijuana by himself. United States v. Andujar, 49 F.3d 16, 19 (1st Cir.1995). Irizarry then left the house at which the meeting was being held and returned soon thereafter with the gun in question, which he gave to the informant. Id.
 
 
 3
 Irizarry does not dispute these facts on this appeal. Given that he procured the gun at the request of the person responsible for picking up the drugs so that this person could have the gun for protection during the pick-up, the district court could not have found it "clearly improbable" that the gun was connected to the offense. Thus, the court did not have the discretion not to apply § 2D1.1(b)(1) and it could not have sentenced Irizarry to a term of imprisonment lower than 121 months. In these circumstances, any error in failing to hold a sentencing hearing was harmless.
 
 
 4
 As for the two other grounds raised by Irizarry in his § 2255 motion, we affirm the district court's rejection of them for the reasons stated in its Opinion and Order, dated April 26, 1996.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 6
 TORRUELLA, Chief Judge (dissenting).
 
 
 7
 I would remand for resentencing.